UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                            :

          - v. -                                    :

DARIUS BYRD,                                        :        SEALED
     a/k/a "Bloody Touchie,"                        :        INDICTMENT
     a/k/a "OG Toochie,"                            :        06 Cr.
     a/k/a "Toochie Byrd,"
     a/k/a "Tooch,"                                 
EDWIN KLINE,
     a/k/a "Fucker,"                                :
     a/k/a "Eddie,"                                 :
     a/k/a "Alonzo Kline,"                          :
DANIEL HESTER,                                      :
     a/k/a "Boone,"                                 :
     a/k/a "Boom,"                                  :
     a/k/a "Bloody Boone,"                          :
CHAZ GLYNN,                                         :
     a/k/a "Chaddio,"
     a/k/a "Chaz Fogue,"                            USDC SDNY
ANTHONY VALENTINE,                                  DOCUMENT
     a/k/a "Valentine,"                             ELECTRONICALLY FILED
     a/k/a "Keith,"                                 DOC #: _____
JERMAIL MANUEL,                                     DATE FILED: JUL 1 2 2006
     a/k/a "Jamie Walker,"                          :
     a/k/a "Melle,"                                 :
     a/k/a "Mel,"                                   :
DASHEEM SIMMONS,                                    :
     a/k/a "DA,"                                    :
     a/k/a "Dap,"                                   :
     a/k/a "Dog,"                                   :
JOHN SCOTT,                                         :
     a/k/a "Q,"                                     :
     a/k/a "Quest,"                                 :        JUDGE RAKOFF
EPHRAIM MONROE,                                     :
     a/k/a "E,"                                     :
JOSE PEREZ,                                         :
     a/k/a "Butter,"                               :
DESURAY COLE,                                       :
     a/k/a "D,"                                     :
     a/k/a "Des," and                               :
SHERRY FAULK,                                       :
     a/k/a "Berry,"                                 :

                    Defendants.                     :
                                                    :
- - - - - - - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

THE ENTERPRISE

1.    From in or about 1998 up to and including in or about December 2005, in the Southern District of New York and elsewhere, the defendants, DARIUS BYRD, a/k/a "Bloody Touchie," a/k/a "OG Toochie," a/k/a "Toochie Byrd," a/k/a "Tooch"; EDWIN KLINE, a/k/a "Fucker," a/k/a "Eddie," a/k/a "Alonzo Kline"; DANIEL HESTER, a/k/a "Boone," a/k/a "Boom," a/k/a "Bloody Boone"; CHAZ GLYNN, a/k/a "Chaddio," a/k/a "Chaz Fogue," ANTHONY VALENTINE, a/k/a "Valentine," a/k/a "Keith," JERMAIL MANUEL, a/k/a "Jamie Walker," a/k/a "Melle," a/k/a "Mel," and DASHEEM SIMMONS, a/k/a "DA," a/k/a "Dap," a/k/a "Dog," the defendants, and Terrance Wray, a/k/a "T-Money," together with others known and unknown, were members and associates of a criminal organization (hereinafter referred to as the "Clay Avenue Bloods" or the "enterprise"), whose members and associates engaged in murder and other acts involving violence and narcotics trafficking.  The enterprise operated in the Southern District of New York and elsewhere.

2.    The Clay Avenue Bloods, including its leadership, its membership, and its associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common

2

purpose of achieving the objectives of the enterprise.  The
enterprise was engaged in, and its activities affected,
interstate and foreign commerce.

     3.    At all times relevant to this Indictment, DARIUS
BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE,
JERMAIL MANUEL and DASHEEM SIMMONS, the defendants, participated
in the operation and management of the enterprise.

PURPOSES OF THE ENTERPRISE

     4.    The purposes of the enterprise included the
following:

     a.    Enriching the members and associates of the
enterprise through, among other things, murder, other acts of
violence, including the commission of armed robberies, and the
sale and distribution of crack cocaine;

     b.    Preserving and protecting the power of the
enterprise, its members and associates through the use of murder
and other acts of violence, including the commission of
robberies; and

     c.    Promoting and enhancing the enterprise and
the activities of its members and associates.

THE MEANS AND METHODS OF THE ENTERPRISE

     5.    Among the means and methods by which the members
and associates of the enterprise conducted and participated in
the conduct of the affairs of the enterprise were the following:

     a.    The members and associates of the enterprise
conspired to commit, committed and attempted to commit acts of
violence, including murder and the commission of armed robberies,

3

to protect and expand the enterprise's criminal operations.

       b.   Members and associates of the enterprise acquired, possessed, carried and used deadly weapons, including firearms, in the course of the enterprise's criminal activities.

       c.   The members and associates of the enterprise participated in narcotics trafficking.

<u>BACKGROUND</u>

6.   At all times relevant to this Indictment:

       a.   The Clay Avenue Bloods is an organization that operated principally in the Bronx, New York.

       b.   The criminal activity of the Clay Avenue Bloods included, among other things, the operation and maintenance of its crack cocaine distribution organization. Members of the Clay Avenue Bloods sold crack cocaine in and around various residential buildings in the vicinity of Clay Avenue and 168th Street, Bronx, New York.

       c.   The criminal activity of the Clay Avenue Bloods also included, among other things, the possession of deadly weapons, including firearms, in the course of the enterprise's criminal activities.

7.   The Clay Avenue Bloods is an organization that is made up of members of the United Blood Nation ("UBN" or the "Bloods"). The UBN is a street gang that originated at Riker's Island, a New York City jail, and operates in the New York metropolitan area and in various New York state and city

4

correctional facilities.  The UBN, which emerged in the New York metropolitan area in the early 1990s, is divided into several sub-organizations, each of which is known as a "set."  These "sets" include, but are not limited to, "Nine Trey Gangsta," "One-Eight-Trey," "Bloodstone Villains," "5-9 Brim," "Valentine Bloods," and "Gangsta Killer Bloods."  The Clay Avenue Bloods includes members of several different Blood sets.

8.   The UBN and its various "sets" created a system of codes and hand signals that they used and continue to use to communicate with each other.  The process of using their hand signals to communicate is called "stacking."

9.   The UBN leadership created a system of rules and regulations governing the Bloods, its sets, its membership and entry into the Bloods.  These regulations have been memorialized at times in documents known as the "Bloods constitution" and members of the Bloods are expected to learn this system.

10.   These rules and regulations establish a hierarchical membership structure among the Bloods.  For example, the member of the Bloods who founded the Bloods is called the "Godfather."  A member of the Bloods who has gained the respect of other members as a result of past criminal acts is called an "OG," which stands for "Original Gangsta."  People with "OG" status direct and lead other Bloods, including giving orders to others to commit acts of violence, and have the power to raise or lower a gang member's status.  Other titles of respect within the

Bloods include, but are not limited to, "Superior" and "General."

11.   Additionally, the rules governing entry into the Bloods sometimes require those seeking membership to commit acts of violence.

12.   The rules governing the Bloods also establish penalties for those who violate the rules and/or "disrespect" higher ranking members of the Bloods.   Such penalties can include (a) being stripped of one's status within the Bloods, (b) being placed on probationary status within the Bloods, and/or (c) being labeled "food."   Members of the Bloods are directed to attack violently and/or kill any person labeled as "food."

13.   While the Bloods was formed in the New York prison system, related enterprises also exist outside the prison system where they commit various crimes and acts of violence, including, but not limited to, drug dealing, robbery and fraud.

14.   The UBN was initially introduced to the New York metropolitan area in the 1990s.   An individual named Omar Portee, a/k/a "OG Mack," originally formed the UBN while incarcerated in New York and became its leader.   Upon his release from prison in June 1999, Portee returned to the vicinity of 183rd Street and Davidson Avenue, Bronx, New York.   There, he became involved in recruiting other individuals to join the Bloods.

15.   DARIUS BYRD and CHAZ GLYNN, the defendants, were each granted status as an "OG" in the Bloods, signifying their elevated standing in the Bloods hierarchy and permitting BYRD and

6

GLYNN to control specific territorial areas for criminal activities operated by the Bloods and to recruit new members into the criminal enterprise.  Terrance Wray, a/k/a "T Money" was also granted status as an "OG," along with BYRD and GLYNN.  Wray is now deceased.

16.  In or about 1993, DARIUS BYRD and CHAZ GLYNN, based in part on their Bloods status as OGs, assumed control over certain territories previously controlled by Portee and others. BYRD and GLYNN recruited numerous other individuals into the Bloods to support the ongoing criminal activities of the Bloods and to engage in new criminal ventures.

<u>RACKETEERING VIOLATION</u>

17.  From in or about 1998 up to at least in or about December 2005, in the Southern District of New York and elsewhere, DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL and DASHEEM SIMMONS, the defendants, and others known and unknown, being persons employed by and associated with the enterprise described above, to wit, the Clay Avenue Bloods, which was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering:

THE PATTERN OF RACKETEERING ACTIVITY

18.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

19.   <u>Racketeering Act One: Conspiracy to Murder Frederick Fowler and Charles Myers, Murder of Frederick Fowler and Attempted Murder of Charles Myers</u>

The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act One:

a.   <u>Conspiracy to Murder Frederick Fowler and Charles Myers</u>

From in or about January 2000 up to and including on or about May 22, 2000, in the Southern District of New York and elsewhere, EDWIN KLINE, CHAZ GLYNN and ANTHONY VALENTINE, the defendants, together with others known and unknown, unlawfully, willfully and knowingly conspired to murder Frederick Fowler and Charles Myers, in violation of New York State Penal Law Sections 125.25(1) and 105.00.

OVERT ACT

i.   In or about May 2000, EDWIN KLINE, CHAZ GLYNN and ANTHONY VALENTINE, the defendants, lured Frederick Fowler and Charles Myers to a location in the vicinity of 169th Street and Teller Avenue, Bronx, New York in order to rob Fowler and Myers of narcotics proceeds and to murder Fowler and Myers.

b.   <u>Murder of Frederick Fowler</u>

On or about May 22, 2000, in the Southern District

8

of New York, EDWIN KLINE, CHAZ GLYNN and ANTHONY VALENTINE, the defendants, together with others known and unknown, unlawfully, intentionally and knowingly murdered Frederick Fowler in violation of New York State Penal Law Sections 125.25(1) and 20.00, to wit, with the intent to cause the death of Fowler, KLINE, GLYNN and VALENTINE shot and killed and aided and abetted the shooting and killing of Frederick Fowler.

           c.  <u>Attempted Murder of Charles Myers</u>

On or about May 22, 2000, in the Southern District of New York, EDWIN KLINE, CHAZ GLYNN and ANTHONY VALENTINE, the defendants, together with others known and unknown, unlawfully, intentionally and knowingly attempted to murder and aided and abetted the attempted murder of Charles Myers in violation of New York State Penal Law Sections 125.25(1) and 110.00.

        20.  <u>Racketeering Act Two: Conspiracy to Rob, Robbery and Felony Murder of Edward Flowers</u>

The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

           a.  <u>Conspiracy to Rob</u>

On or about July 11, 2000, EDWIN KLINE and DANIEL HESTER, the defendants, together with others known and unknown, unlawfully, willfully and knowingly conspired to rob an illegal gambling business located at 1291 Clay Avenue, Bronx, New York in violation of New York State Penal Law Sections 160.10 and 105.10

b.  <u>Robbery</u>

On or about July 11, 2000, EDWIN KLINE and DANIEL HESTER, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly  committed and aided and abetted the commission of the robbery of an illegal gambling business located at 1291 Clay Avenue, Bronx, New York, in violation of New York State Penal Law, Sections 160.10 and 20.00.

c.  <u>Felony murder of Edward Flowers</u>

On or about July 11, 2000, in the Southern District of New York, EDWIN KLINE and DANIEL HESTER, the defendants, together with others known and unknown, unlawfully, willfully and knowingly, during the commission of a robbery of a business located at 1291 Clay Avenue, Bronx, New York, caused the death of a person other than one of the participants, in violation of New York State Penal Law Sections 125.25(3) and 20.00, to wit, during the course of a robbery in which KLINE and HESTER participated, a co-conspirator not named herein shot and killed Edward Flowers.

21.  <u>Racketeering Act Three: Robbery of a construction business located at 1109 Clay Avenue, Bronx, New York</u>

The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Three:

a.  <u>Conspiracy to Rob</u>

On or about June 28, 2003, EDWIN KLINE, DANIEL HESTER, JERMAIL MANUEL and DASHEEM SIMMONS, the defendants, together with others known and unknown, unlawfully, willfully and

knowingly conspired to rob employees of a construction business located at 1109 Clay Avenue, Bronx, New York, in violation of New York State Penal Law Sections 160.10 and 105.10.

        b.  Robbery

On or about June 28, 2003, EDWIN KLINE, DANIEL HESTER, JERMAIL MANUEL and DASHEEM SIMMONS, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly  committed and aided and abetted the commission of the robbery of employees of a construction business located at 1109 Clay Avenue, Bronx, New York, in violation of New York State Penal Law Sections 160.10 and 20.00.

     22.  Racketeering Act Four: Robbery at 630 East 176th Street, Apt. 4C, Bronx, New York

The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Four:

        a.  Conspiracy to Rob

On or about August 27, 2003, DARIUS BYRD, the defendant, together with others known and unknown, unlawfully, willfully and knowingly conspired to rob the occupant of an apartment in the vicinity of 630 East 176th Street, Apartment 4C, Bronx, New York of narcotics and narcotics proceeds, in violation of New York State Penal Law Sections 160.10 and 105.10.


        b.  Attempted Robbery

On or about August 27, 2003, DARIUS BYRD, the defendant, together with others known and unknown, unlawfully,

willfully, and knowingly attempted to commit, and aided and abetted the commission of, the robbery of an occupant of an apartment in the vicinity of 630 East 176th Street, Apartment 4C, Bronx, New York of narcotics and narcotics proceeds, in violation of New York State Penal Law, Sections 160.10 and 20.00.

23.    Racketeering Act Five:  Narcotics Conspiracy

a.    From in or about 1998 up to and including in or about December 2005, in the Southern District of New York and elsewhere, DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL and DASHEEM SIMMONS, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States, to wit, Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

b.    It was a part and an object of this conspiracy that DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL and DASHEEM SIMMONS, and others known and unknown, unlawfully, intentionally, and knowingly, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title

21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A) and 846.

(Title 18, United States Code, Section 1962(c).)

<u>COUNT TWO</u>

The Grand Jury further charges:

24.   Paragraphs 1 through 16 and 18 through 23 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

<u>THE RACKETEERING CONSPIRACY</u>

25.   From in or about 1998 up to and including in or about December 2005, in the Southern District of New York and elsewhere, DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL and DASHEEM SIMMONS, the defendants, together with others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs 1 through 16 of Count One of this Indictment, to wit, the Clay Avenue Bloods, unlawfully, willfully, and knowingly combined, conspired, confederated and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Section 1961(1)

13

and (5).  The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the enterprise consisted of the acts set forth in Paragraphs 19 through 23 in Count One of this Indictment as Racketeering Acts One through Five.  It was a part and an object of the conspiracy that each defendant agreed that a co-conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

## VIOLENT CRIMES IN AID OF RACKETEERING

### COUNT THREE

The Grand Jury further charges:

26.  The Clay Avenue Bloods, as more fully described in Paragraphs 1 through 16 of Count One of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

27.  At all times relevant to this Indictment, the Clay Avenue Bloods, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code,

Sections 1959(b)(1) and 1961(1), namely, acts involving conspiracy to possess with the intent to distribute and to distribute narcotics in violation of Title 21, United States Code, Sections 841 and 846, and conspiracy to commit and the commission of Hobbs Act robbery in violation of Title 18, United States Code, Section 1951.

28. On or about May 22, 2000, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Clay Avenue Bloods, an enterprise engaged in racketeering activity, as described above, EDWIN KLINE, CHAZ GLYNN and ANTHONY VALENTINE, the defendants, together with others known and unknown, unlawfully, intentionally, and knowingly caused the murder of Frederick Fowler, in violation of New York State Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

COUNT FOUR

The Grand Jury further charges:

29. Paragraphs 1 through 16 and 18 through 23, and paragraphs 26 and 27 above are realleged and incorporated by reference as though fully set forth herein.

30. On or about July 11, 2000, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing their positions in the Clay Avenue

15

Bloods, an enterprise engaged in racketeering activity, as described above, EDWIN KLINE and DANIEL HESTER, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly murdered Edward Flowers, in that in the course of and in furtherance of committing a robbery, defendants KLINE and HESTER, together wtih others, caused the death of Edward Flowers, a person other than one of the participants, in violation of New York State Penal Law Sections 125.25(3) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## MURDER IN CONNECTION WITH A DRUG CRIME

### COUNT FIVE

The Grand Jury further charges:

31.  On or about May 22, 2000, in the Southern District of New York, while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit, the offenses charged in Racketeering Act Five of Counts One and Two and Count Ten of this Indictment, EDWIN KLINE, CHAZ GLYNN, ANTHONY VALENTINE and SHERRY FAULK, the defendants, unlawfully, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Frederick Fowler.

(Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.)

## HOBBS ACT ROBBERIES

### COUNT SIX

The Grand Jury further charges:

32. On or about June 28, 2003, in the Southern District of New York and elsewhere, EDWIN KLINE, DANIEL HESTER, JEMAIL MANUEL, DASHEEM SIMMONS and DESURAY COLE, the defendants, and others known and unknown, unlawfully, willfully and knowingly combined, conspired, confederated and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would and did obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, KLINE, HESTER, MANUEL, SIMMONS and COLE, and others known and unknown, agreed to rob employees of a construction company located at 1109 Clay Avenue, Bronx, New York of its payroll.

(Title 18, United States Code, Section 1951.)

### COUNT SEVEN

The Grand Jury further charges:

33.    On or about June 28, 2003, in the Southern District of New York, EDWIN KLINE, DANIEL HESTER, JERMAIL MANUEL, DASHEEM SIMMONS and DESURAY COLE, the defendants, and others known and unknown, unlawfully, willfully and knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed and affected

17

commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951, to wit, BYRD, KLINE, HESTER, MANUEL, SIMMONS and COLE, and others known and unknown, committed an armed robbery of employees of a construction company located at 1109 Clay Avenue, Bronx, New York of its payroll.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT EIGHT

The Grand Jury further charges:

34.   On or about August 27, 2003, in the Southern District of New York and elsewhere, DARIUS BYRD, the defendant, and others known and unknown, unlawfully, willfully and knowingly combined, conspired, confederated and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would and did obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, BYRD, and others known and unknown, agreed to rob the occupant of an apartment located in the vicinity of 630 East 176th Street, Apartment 4C, Bronx, New York, intending and expecting to obtain narcotics and proceeds from narcotics trafficking.

(Title 18, United States Code, Sections 1951.)

18

<u>COUNT NINE</u>

The Grand Jury further charges:

35.   On or about August 27, 2003, in the Southern District of New York, DARIUS BYRD, the defendant, and others known and unknown, unlawfully, willfully and knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951, to wit, BYRD, and others known and unknown, committed an armed robbery of an occupant of an apartment located in the vicinity of 630 East 176th Street, Apartment 4C, Bronx, New York, intending and expecting to obtain narcotics and proceeds from narcotics trafficking.

(Title 18, United States Code, Sections 1951 and 2.)

## NARCOTICS CONSPIRACY

<u>COUNT TEN</u>

The Grand Jury further charges:

36.   From in or about 1998 to in or about December 2005, in the Southern District of New York and elsewhere, DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL, DASHEEM SIMMONS, JOHN SCOTT, EPHRAIM MONROE and JOSE PEREZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired,

confederated, and agreed together and with each other to violate the narcotics laws of the United States.

37.   It was a part and an object of this conspiracy that DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL, DASHEEM SIMMONS, JOHN SCOTT, EPHRAIM MONROE and JOSE PEREZ, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

<u>OVERT ACTS</u>

38.   In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about October 5, 2003, EPHRAIM MONROE sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

b.   On or about October 29, 2003, EPHRAIM MONROE and JOHN SCOTT sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

c.   On or about November 3, 2003, EPHRAIM MONROE and JOHN SCOTT sold crack to an undercover police officer in the

vicinity of 1140 Clay Avenue, Bronx, New York.

d.   On or about November 9, 2003, JOSE PEREZ sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

e.   On or about November 9, 2003, JOSE PEREZ and DASHEEM SIMMONS sold crack cocaine to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

f.   On or about November 12, 2003, DASHEEM SIMMONS sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

g.   On or about November 20, 2003, DASHEEM SIMMONS sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

h.   On or about November 24, 2003, JERMAIL MANUEL and JOHN SCOTT sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

i.   On or about December 3, 2003, JERMAIL MANUEL sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

j.   On or about January 5, 2004, JOHN SCOTT sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

k.   On or about February 8, 2004, DASHEEM SIMMONS sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

1.  On or about February 11, 2004, JOHN SCOTT sold crack to an undercover police officer in the vicinity of 1140 Clay Avenue, Bronx, New York.

(Title 21, United States Code, Section 846.)

### COUNT ELEVEN

The Grand Jury further charges:

39.  On or about October 5, 2003, in the Southern District of New York, EPHRAIM MONROE, the defendant, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT TWELVE

The Grand Jury further charges:

40.  On or about October 29, 2003, in the Southern District of New York, EPHRAIM MONROE and JOHN SCOTT, the defendants, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT THIRTEEN

The Grand Jury further charges:

22

41.   On or about November 3, 2003, in the Southern District of New York, EPHRAIM MONROE and JOHN SCOTT, the defendants, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT FOURTEEN

The Grand Jury further charges:

42.   On or about November 9, 2003, in the Southern District of New York, JOSE PEREZ, the defendant, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT FIFTEEN

The Grand Jury further charges:

43.   On or about November 9, 2003, in the Southern District of New York, JOSE PEREZ and DASHEEM SIMMONS, the defendants, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

23

(Title 2, United States Code, Sections 812, 841(a)(1) and
841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT SIXTEEN

The Grand Jury further charges:

44.   On or about November 12, 2003, in the Southern
District of New York, DASHEEM SIMMONS, the defendant, unlawfully,
intentionally and knowingly would and did distribute and possess
with intent to distribute mixtures and substances containing a
detectable amount of cocaine base in a form commonly known as
"crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and
841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT SEVENTEEN

The Grand Jury further charges:

45.   On or about November 20, 2003, in the Southern
District of New York, DASHEEM SIMMONS, the defendant, unlawfully,
intentionally and knowingly would and did distribute and possess
with intent to distribute mixtures and substances containing a
detectable amount of cocaine base in a form commonly known as
"crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and
841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT EIGHTEEN

The Grand Jury further charges:

46.   On or about November 24, 2003, in the Southern
District of New York, JERMAIL MANUEL and JOHN SCOTT, the

defendants, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT NINETEEN

The Grand Jury further charges:

47.  On or about December 3, 2003, in the Southern District of New York, JERMAIL MANUEL, the defendant, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.)

### COUNT TWENTY

The Grand Jury further charges:

48.  On or about January 5, 2004, in the Southern District of New York, JOHN SCOTT, the defendant, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.)

25

COUNT TWENTY-ONE

The Grand Jury further charges:

49.  On or about February 8, 2004, in the Southern
District of New York, DASHEEM SIMMONS, the defendant, unlawfully,
intentionally and knowingly would and did distribute and possess
with intent to distribute mixtures and substances containing a
detectable amount of cocaine base in a form commonly known as
"crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and
841(b)(1)(C); and Title 18, United States Code, Section 2.)

COUNT TWENTY-TWO

The Grand Jury further charges:

50.  On or about February 11, 2004, in the Southern
District of New York, JOHN SCOTT, the defendant, unlawfully,
intentionally and knowingly would and did distribute and possess
with intent to distribute mixtures and substances containing a
detectable amount of cocaine base in a form commonly known as
"crack."

(Title 2, United States Code, Sections 812, 841(a)(1) and
841(b)(1)(C); and Title 18, United States Code, Section 2.)

**FIREARMS OFFENSES**

COUNT TWENTY-THREE

The Grand Jury further charges:

51.  On or about May 22, 2000, in the Southern District
of New York, EDWIN KLINE, CHAZ GLYNN and ANTHONY VALENTINE, the
defendants, unlawfully, willfully, and knowingly used and carried

26

a firearm, and aided and abetted the use and carrying of a firearm, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the crimes charged in Racketeering Act Five of Counts One and Two, and Count Ten of this Indictment, and, in the course of such crimes caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, in that KLINE, GLYNN and VALENTINE participated in the murder of Frederick Fowler, in the vicinity of 169th Street and Teller Avenue, Bronx, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

### COUNT TWENTY-FOUR

The Grand Jury further charges:

52.  On or about July 11, 2000, in the Southern District of New York, DANIEL HESTER and EDWIN KLINE, the defendants, unlawfully, willfully, and knowingly used and carried a firearm, and aided and abetted the use and carrying of a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the crimes charged in Racketeering Act Two of Counts One and Two, and Count Four of this Indictment, and, in the course of such crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, to wit, HESTER and KLINE participated in a robbery of an illegal gambling business, during which robbery an

27

accomplice shot and killed Edward Flowers, in the vicinity of

1291 Clay Avenue, Bronx, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

<u>COUNT TWENTY-FIVE</u>

The Grand Jury further charges:

53.  On or about June 28, 2003, in the Southern

District of New York and elsewhere, EDWIN KLINE, DANIEL HESTER,

JERMAIL MANUEL, DASHEEM SIMMONS and DESURAY COLE, the defendants,

during and in relation to a crime of violence for which they may

be prosecuted in a court of the United States, to wit, the

robbery of a construction company as charged in Counts Six and

Seven of this Indictment, unlawfully, willfully, and knowingly

used and carried, and aided and abetted the possession of, a

firearm, and, in furtherance of such crime possessed a firearm,

and aided and abetted the same, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

<u>COUNT TWENTY-SIX</u>

The Grand Jury further charges:

54.  On or about August 27, 2003, in the Southern

District of New York and elsewhere, DARIUS BYRD, the defendant,

and others known and unknown, during and in relation to a crime

of violence and drug trafficking crime for which he may be

prosecuted in a court of the United States, to wit, the

conspiracy to rob and robbery of a narcotics trafficker as

charged in Racketeering Act Four of Counts One and Two, and

28

Counts Eight and Nine of this Indictment, unlawfully, willfully, and knowingly used and carried, and aided and abetted the use and carrying of, a firearm, and in furtherance of such crime possessed a firearm and aided and abetted the same, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

### RICO FORFEITURE ALLEGATION

55.   The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL and DASHEEM SIMMONS, the defendants, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of a defendant's conviction under Count One and/or Two of this Indictment.

56.   DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL and DASHEEM SIMMONS, the defendants,

a.   have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant

to Title 18, United States Code, Section 1963(a)(1);

b.   have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and,

c.   have property constituting and derived from proceeds obtained, directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

57.   The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (3), include, but are not limited to, all of the gross proceeds received by the defendants pursuant to their racketeering activities as alleged in Counts One and Two during the relevant time period alleged in the Indictment.

58.   The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United

States Code, Section 1963(a)(1), (a)(2), and (a)(3), include but are not limited to, at least $2,000,000.  The above-named defendants are jointly and severally liable for the forfeiture obligations alleged above.

<u>Substitute Asset Provision</u>

59.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

60.  The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)

31

## NARCOTICS FORFEITURE ALLEGATION

61.   As a result of committing the controlled substance offense in Count Ten of this Indictment, DARIUS BYRD, EDWIN KLINE, DANIEL HESTER, CHAZ GLYNN, ANTHONY VALENTINE, JERMAIL MANUEL, DASHEEM SIMMONS, JOHN SCOTT, EPHRAIM MONROE and JOSE PEREZ, the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Ten of this indictment, including but not limited to all proceeds obtained as a result of the offense in violation of Title 21, United States Code, Section 846.

62.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value;

32

or

       (e)   has been commingled with other property
which cannot be divided without difficulty;  it is the intent of
the United States, pursuant to Title 21, United States Code,
Section 853(p), to seek forfeiture of any other property of the
defendants up to the value of the above forfeitable property.

       (Title 21, United States Code, Sections 846 and 853.)


_____
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

33

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

### DARIUS BYRD et al.,

**Defendants.**

### INDICTMENT

06 Cr.

Title 18, United States Code, Sections §1962, 1959, 1951,
922 and 2; and Title 21, United States Code, Sections §812,
841, 846, 848

MICHAEL J. GARCIA
United States Attorney.

*Bailey Bradley*

7/12/06 Filed Indictment. Under Seal. A/W issued
For all Δ's.

Pitman
U. SMJ